NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0448n.06

Case No. 24-5122

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 07, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| DAVID JORDAN, | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE MIDDLE DISTRICT OF |
| JOE B. BEASLEY & ASSOCIATES, L.P. | ) TENNESSEE |
|     Defendant-Appellee. | ) |
| | ) OPINION |

Before: SUTTON, Chief Judge; READLER and BLOOMEKATZ, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** David Jordan believes that his encounter with architectural barriers at a car rental property violated his rights under the Americans with Disabilities Act. Invoking that law, Jordan filed suit against the property's owner. The district court, however, concluded that Jordan lacked Article III standing to sue. We affirm.

I.

David Jordan relies on a wheelchair for mobility, as he has trouble standing or walking. Due to those conditions, he alleges that he qualifies as disabled under the Americans with Disabilities Act. He is also a self-described advocate for disabled people's rights. In that role, he monitors whether places of public accommodation comply with the ADA.

Jordan visited an Avis Car Rental located close to his home. Upon his arrival, Jordan alleges that he encountered "physical barriers" in the parking lot. According to Jordan, the lot

lacked designated accessible parking, an access aisle serving the parking spaces closest to the entrance, and visible upright signage or clear paint designating parking spaces as accessible. Further, he adds, the surface immediately outside the store's entrance was sloped. To Jordan's mind, these architectural barriers caused him "legal harm" and "injury." How? They endangered him, deprived him of an unstated opportunity, negatively affected his life, and discriminated against him in violation of the ADA. Jordan adds that he intends to revisit the Avis property as he "routinely" travels to the area where the store is located.

On the basis of these allegations, Jordan sued Joe B. Beasley & Associates, a family-run partnership that owns and operates the Avis location, for violating the ADA. He sought injunctive relief as well as attorneys' fees. The district court dismissed Jordan's complaint, holding that Jordan lacked Article III standing to sue. Jordan timely appealed.

## II.

Article III of the United States Constitution confines the federal "judicial Power" to "Cases" and "Controversies." U.S. CONST. art. III, § 2. As suggested, this requirement channels federal judicial authority. Lacking license to act on its own initiative, a federal court instead must wait for a plaintiff to bring a case to the court for resolution. *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat) 738, 819 (1824). And to fairly invoke the court's jurisdiction, the plaintiff must couch his rights in the proper form, including by demonstrating Article III standing. *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To that point, we ask in every case whether the plaintiff has suffered or will suffer an injury in fact that is fairly traceable to the defendant's conduct and that is likely to be redressed by a decision in the plaintiff's favor. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). As the party invoking federal judicial power here, Jordan bears the burden of establishing that he has

standing. *Id.* at 561. That includes at the pleading stage, where he must plead facts that plausibly demonstrate each of standing's three essential ingredients. *See Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 543–44 (6th Cir. 2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Jordan's case turns on whether he has adequately pleaded an injury in fact, standing's "[f]irst and foremost" ingredient. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To demonstrate injury in fact for a claim that seeks a forward-looking injunction as a remedy, Jordan must show at the pleading stage that he will plausibly suffer the invasion of a "legally protected interest" that is both "concrete and particularized" and "actual or imminent." *Spokeo*, 578 U.S. at 339 (citation omitted). In other words, Jordan must show that, in the near future, he will suffer an injury in fact at the aforementioned Avis location. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

A. Jordan sees a concrete injury tied to the property's architectural barriers, which he says endangered him, deprived him of an opportunity, and negatively affected his life when he visited Avis for the first time. And he claims, absent an injunction, he will suffer the same harm in the near future.

But Jordan's complaint does not allege facts that plausibly demonstrate he suffered a concrete injury when he visited the Avis property, weakening his claim that he would suffer such a harm if he were to return. A concrete injury is one that "actually exist[s]," in other words, is "real" rather than "abstract." *Spokeo*, 578 U.S. at 340 (citations omitted). In his complaint, Jordan does not allege that he faced serious difficulty when parking his vehicle. *See Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579–80 (6th Cir. 2014). He does not suggest that he experienced physical difficulty in ambulating through the parking lot. *See Mielo v. Steak 'n Shake*

*Operations, Inc.*, 897 F.3d 467, 479–80 (3d Cir. 2018). He does not claim that, because of architectural barriers near the entrance of the Avis, he had to enter the store through a side door. *See Colo. Cross–Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1208 (10th Cir. 2014). Nor does he claim that the barriers affected his financial concerns. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). While these allegations are not the lone examples that can support concrete harm, they are reflective examples of the injury-in-fact inquiry we undertake. And at every turn, Jordan fails to allege facts that plausibly show he has suffered a concrete injury.

Jordan's statements to the district court confirm as much. During oral argument, the district court asked Jordan how, if at all, the physical barriers "affected" him. R. 45, PageID 261. Jordan replied: "Your Honor, that is not in the Complaint." R. 45, PageID 261. When asked about other possible difficulties he experienced at the property, Jordan went on to add, "Your Honor, I don't believe [the complaint] contains th[at] [kind of] detail . . . ." R. 45, PageID 253.

We cannot simply accept Jordan's conclusory allegations that when he went to the property, various architectural barriers endangered him, deprived him of an opportunity, and affected his life. These "naked assertions devoid of further factual enhancement" tell us little about the injury that Jordan alleges he suffered or will suffer. *Iqbal*, 556 U.S. at 678 (quotation omitted). Because Jordan's threatened injury must be one for which he has standing to pursue, it must be concrete. And his alleged future injury rests on those that he claims to have already suffered: the barriers will make his next visit dangerous, will deprive him of an opportunity, and will negatively affect his life. As already explained, these harms, as alleged, do not constitute an injury in fact under Article III because they are not sufficiently concrete.

B. Nor does Jordan sufficiently allege that he will revisit Avis and risk injury in the imminent future. He says that he lives close to the store and intends to return to it soon. Without

additional factual support, these bare assertions do not demonstrate that Jordan plausibly intends to revisit the Avis location. *See Carney v. Adams*, 592 U.S. 53, 65 (2020). Jordan, for example, does not claim any interest in Avis's services, such as a need or desire to rent a car. *See Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019).

C. At bottom, Jordan claims he has standing simply from the fact that he encountered architectural barriers that themselves violate aspects of the ADA. Here, Jordan seems to assert some type of statutory injury, separate from any concrete injury he might suffer in the future. *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 464–66 (6th Cir. 2019). *TransUnion*, however, forecloses this argument. Because Congress operates within the confines of Article III, the Supreme Court has explained, a plaintiff must allege a concrete harm even in the context of a statutory violation. *TransUnion*, 594 U.S. at 426. While Congress may authorize a private plaintiff to sue a defendant over violations of federal law, that "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *Id.* In other words, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427.

In view of this legal framework, it is not enough for Jordan to say that he merely encountered an ADA violation. Rather, he must allege facts that plausibly show that Beasley's alleged violation of the ADA will cause him a concrete injury in the near future. As we have already explained, Jordan failed to do so.

III.

Jordan also brings to our attention the district court's warning to his lawyers to "proceed with caution" in this and other future cases involving the ADA. He asks that we "vacate" this portion of the district court's decision. For our purposes, it is enough to say that the district court

5

did not resolve a legal ethics issue by way of judgment. *See Mich. Fam. Res., Inc. v. Serv. Emps. Int'l Union Local 517M*, 475 F.3d 746, 755 (6th Cir. 2007) (en banc) (stating that appellate courts review "outcomes, not opinions"). So we have nothing to "vacate," despite Jordan's request to do so.

\* \* \* \* \*

We affirm the district court's judgment dismissing Jordan's complaint due to a lack of Article III standing.