**12-4093-cv**

*Kreisler v. Second Avenue Diner Corp., d/b/a Plaza Diner, J.J.N.K. Corp*.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

September Term, 2013

(Argued: September 18, 2013     Decided: September 25, 2013)

Docket No. 12-4093-cv

———————

TODD KREISLER,

*Plaintiff-Appellee,*

-v.-

SECOND AVENUE DINER CORP., A NEW YORK CORPORATION D/B/A
PLAZA DINER, J.J.N.K. CORP., A NEW YORK CORPORATION,

*Defendants-Appellants.*

———————

Before:
WINTER, WALKER, WESLEY, *Circuit Judges.*

———————

Defendants-Appellants Second Avenue Diner Corp., a New York
Corporation d/b/a Plaza Diner, J.J.N.K., a New York Corporation, a public
restaurant ("Diner") and associated landlord located at 1066 Second Avenue,
New York, NY, appeal from a September 10, 2012 decision of the United States

District Court for the Southern District of New York (Richard J. Sullivan, *Judge*) granting injunctive relief as to several of Todd Kreisler's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, as well as compensatory damages and attorneys' fees. We conclude that the District Court properly determined that Kreisler had standing to challenge the Diner's wheelchair-inaccessible entrance and the architectural barriers inside the Diner related to his disability, and that constructing a permanent ramp was readily achievable. AFFIRMED.

—————

G. OLIVER KOPPELL (Daniel F. Schreck, *on the brief*), Law Offices of G. Oliver Koppell & Associates, New York, NY, *for Defendants-Appellants*.

JAMES W. HYDE, IV, Law Office of James W. Hyde, IV, Wells, NY, *for Plaintiff-Appellee.*

DAVID J. KENNEDY, Assistant United States Attorney (Thomas E. Perez, Assistant Attorney General, Mark L. Gross, Lisa J. Stark, Attorneys, Appellate Section, Civil Rights Division, United States Department of Justice, Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *Amicus Curiae in support of Affirmance.*

—————

PER CURIAM:

Defendants-Appellants Second Avenue Diner Corp., a New York

Corporation d/b/a Plaza Diner, J.J.N.K., a New York Corporation, a public

restaurant ("Diner") and associated landlord located at 1066 Second Avenue, New York, NY, appeal from a September 10, 2012 decision of the United States Court for the Southern District of New York (Richard J. Sullivan, *Judge*) granting injunctive relief as to several of Todd Kreisler's claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.,* as well as compensatory damages[1] and attorneys' fees.  Appellants argue, *inter alia*, that the District Court improperly determined (1) that Kreisler had standing to challenge the Diner's wheelchair-inaccessible entrance and the ADA violations inside the Diner that Kreisler had not personally encountered and (2) that constructing a permanent ramp was readily achievable.

## BACKGROUND

Plaintiff-Appellee Todd Kreisler has cerebral palsy, rheumatoid arthritis and asthma.  He can stand but cannot walk, and he travels around his neighborhood in a motorized wheelchair.  Kreisler lives several blocks from the Diner.

---

[1] Kreisler alleged claims arising under the ADA, the New York State Human Rights Law (NYSHRL), N.Y. Exec. L. § 296(2)(a), and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-107(4)(a).  Although the ADA does not provide for compensatory damages, this relief is available under the NYSHRL and NYCHRL.

3

Kreisler first passed by the Diner in 2008. Because the Diner's front entrance has a step that is seven or eight inches high, Kreisler determined he could not enter the premises. He has never attempted to enter the Diner, but passes by it three to four times a week. He claims that he would attempt to enter were there some indication that the Diner is actually accessible, *i.e.* a sign stating that a ramp is available. Kreisler frequents other restaurants in his neighborhood.

Prior to this litigation, the Diner possessed a small, portable, wooden ramp. Patrons in wheelchairs usually were pulled up the ramp. Approximately three or four individuals in wheelchairs eat at the Diner each week.

After this litigation began, J.J.N.K. Corp. purchased the Diner an aluminum ramp that was worth between $300-$500 and contained anti-skid materials but did not have hand rails. Defendants also installed a buzzer and sign at the Diner's entrance. The sign, apparently comprised of a sheet of white paper with the words "Please Ring Bell for Assistance," is removed twice-weekly for cleaning and sometimes remains down for longer periods of time.

The sidewalk outside the Diner's entrance could accommodate a permanent ramp that complies with ADA standards. According to Kreisler's

expert, an ADA-compliant ramp would cost between $3,000-$10,000. Appellants' expert priced the ramp at $12,000.

Inside the entrance is a vestibule in which a person must turn left before proceeding through another door. The vestibule is too small to comply with the ADA. Rebuilding the vestibule would require removing one booth necessitating a one-time construction cost of $5,000-$10,000 and the loss of four seats and annual sales of at least $24,000. The men's restroom is small, and patrons in wheelchairs are often unable to use it. There is only a grab bar alongside the toilet.

On October 10, 2010, Kreisler initiated this suit. His complaint cited the wheelchair-inaccessible entrance, the vestibule, and other interior barriers that make the Diner wheelchair-inaccessible. Kreisler sought injunctive relief to remove the Diner's alleged barriers, compensatory damages, and attorneys' fees.

Appellants raise several claims on appeal. The parties focus much of their attention on whether Kreisler had standing to challenge the wheelchair-inaccessible entrance and the ADA violations inside the Diner related to his disability, even though he never attempted to enter the Diner and never personally encountered the interior violations.[3]

To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. *See Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 175 (2d Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a "real and immediate threat of repeated injury." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004).

---

[2]The standard of review is neither in dispute nor determinative in this matter. "On appeal from a judgment after a bench trial, we review the district court's finding of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are also reviewed *de novo*." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 367 (2d Cir. 2008).

[3]Because standing presents a mixed question of law and fact, we review the District Court's finding *de novo*.

Appellants argue that, even if the Diner violates the ADA,[4] Kreisler failed

to establish an injury in fact. In the ADA context, we have previously found

standing (and therefore an injury in fact) where (1) the plaintiff alleged past

injury under the ADA; (2) it was reasonable to infer that the discriminatory

treatment would continue; and (3) it was reasonable to infer, based on the past

frequency of plaintiff's visits and the proximity of defendants' restaurants to

plaintiff's home, that plaintiff intended to return to the subject location. *See*

*Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (per curiam) (citing

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002)).

Here, Kreisler never attempted to enter the Diner; he did, however, testify

that (1) the seven to eight-inch step deterred him from attempting to enter, (2) he

frequents diners in his neighborhood often, (3) he lives within several blocks of

the Diner, and (4) he would like to frequent the Diner if he were able to access it.

Under the *Camarillo* factors, these are sufficient facts to show a plausible intention

to return to the Diner.

[4]Appellants appear to concede that the Diner's wheelchair-inaccessible entrance violated the ADA. Their standing argument instead focuses on Kreisler's decision not to enter the Diner. For instance, Appellants argue that "[m]ere observation of a barrier, without more, should not be sufficient to confer standing. Nor should a self serving statement of intention to visit an establishment at some unspecified future time . . . At a bare minimum, to confer standing a plaintiff should make some attempt to engage in patronage or seek assistance to overcome a barrier, particularly barrier to entry." Brief for Appellants at 9.

To the extent *Camarillo* left unresolved the question of whether deterrence constitutes an injury under the ADA, we now adopt the Ninth Circuit's ruling in *Pickern* and hold that it does. *See Pickern*, 293 F.3d at 1137-38. In the context of the ADA, the fact that the wheelchair-inaccessible entrance deterred Kreisler from accessing the Diner established a concrete and particularized injury; Kreisler need not attempt to overcome an obvious barrier. *Id.*

The District Court thus correctly held that Kreisler had standing to challenge the Diner's inaccessible entrance; Kreisler alleged that the step deterred him from frequenting the Diner; the Diner has not indicated an intent to remedy this barrier; and Kreisler's testimony and proximity to the Diner create a reasonable inference that he would frequent the Diner were the violation remedied. *See Camarillo*, 518 F.3d at 158.

Appellants argue that even if Kreisler established standing with respect to the Diner's entrance, he failed to establish standing vis-a-vis the ADA violations inside the Diner he did not personally encounter. This also is new ground in our Circuit. However, both the Ninth and Eighth Circuits have held that once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all

8

other barriers on the premises that affect the plaintiff's particular disability. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950-51 (9th Cir. 2011) (en banc); *Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000). We find these rulings persuasive; because Kreisler has standing to pursue injunctive relief as to the Diner's entrance, he has standing to seek removal of all barriers inside the Diner related to his disability that he would likely encounter were he able to access the Diner.[5]

This rule comports with and furthers the purpose of the ADA, which we have previously explained is "not subject to any of the prudential limitations that apply in other contexts . . . [and] generously confer[s] the right to be free from disability-based discrimination." *Fulton v. Goord*, 591 F.3d 37, 42 (2d Cir. 2009). "The ADA's remedial scheme is not limited to orders for the removal of encountered barriers, but instead dictates that 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by

---

[5]Kreisler testified that, prior to commencing the lawsuit, his attorney informed him of the Diner's interior architectural barriers. Because Kreisler knew about these ADA violations before he filed the complaint, we need not consider whether a plaintiff has standing to challenge ADA violations that he became aware of after the lawsuit's commencement. At the same time, so long as the subsequently-discovered ADA violations relate to the plaintiff's disability and are located in the subject place of public accommodation, we see nothing that would preclude such a finding.

individuals with disabilities.'" *Chapman*, 631 F.3d at 951 (quoting 42 U.S.C. § 12188(a)(2)). This rule is also consistent with the ADA's mandate that disabled individuals need not "engage in a futile gesture if such a person has actual notice that [the private entity] does not intend to comply with [ADA] provisions." 42 U.S.C. § 12188(a)(1). In short, Kreisler need not personally encounter each ADA violation within the Diner in order to seek its removal.

A contrary rule (for instance one that limited Kreisler's standing to the Diner's entrance) would undermine the ADA's remedial purpose and impede Congress's intent that the ADA serve as a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals. 42 U.S.C. § 12101(b)(1). Moreover, such a rule "would burden businesses and other places of accommodation with more ADA litigation, encourage piecemeal compliance with the ADA, and ultimately thwart the ADA's remedial goals of eliminating widespread discrimination against the disabled and integrating the disabled into the mainstream of American life." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75 (2001)); *see also Steger*, 228 F.3d at 894.

We also reject Appellants' claim that the District Court incorrectly determined that constructing a permanent ramp was readily achievable. The District Court properly applied our well-settled precedent that once a plaintiff "articulates a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits," the burden shifts to the defendant to "prove that the proposals were not readily achievable." *Roberts*, 542 F.3d at 373, 378 (quotation marks and citation omitted). As the District Court explained, Kreisler met his burden. Because Appellants failed to support their assertion that Kreisler's proposal was not readily achievable, their argument on appeal is unavailing.

Appellants further argue that the District Court lacked authority to mandate signage requirements and improperly awarded attorneys' fees to Kreisler only. Both claims are unsupportable, and we reject them accordingly.

We have considered Appellants' remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the District Court's judgment in its entirety.