**Owen HARTY, Plaintiff–Appellant,**

v.

**GREENWICH HOSPITALITY GROUP, LLC, d/b/a Hampton Inn & Suites, Defendant–Appellee.**

No. 12–4687–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2013.

John F. Ward, John F. Ward, PLLC, Royersford, PA (Thomas B. Bacon, P.A., Cooper City, FL, on the brief), for Plaintiff–Appellant.

John B. Farley (Joshua Auxier, on the brief), Halloran & Sage LLP, Hartford, CT, for Defendant–Appellee.

PRESENT: JON O. NEWMAN, ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Owen Harty appeals from a judgment and order of the United States District Court for the District of Connecticut (Covello, *J.*) dated October 31, 2012 dismissing his claim under Title III of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12181 *et seq.* Harty claims the district court erred in dismissing his complaint for lack of subject matter jurisdiction under FED. R. CIV. P.12(b)(1). We disagree. We assume the parties' familiarity with the facts and procedural history.

On appeal from a dismissal pursuant to FED. R. CIV. P.12(b)(1), "we review factual findings for clear error and legal conclusions *de novo.*" · *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). To establish standing, a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–65, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff seeking injunctive relief cannot rely on past injury to satisfy the injury requirement, but must show a likelihood that he or she will be injured in the future. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Deshawn E. ex rel. Charlotte E. v. Safir,* 156 F.3d 340, 344 (2d Cir.1998). In the ADA context, we have previously found standing where a plaintiff (1) alleges past injury

under the ADA, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88, 2013 WL 5340465, No. 12–4093–cv, at *2 (2d Cir. Sept. 25, 2013) (per curiam).

We conclude that Harty has failed adequately to demonstrate a basis for inferring that he will return to Stamford, Connecticut for an overnight stay.[1] Harty, a Florida resident, claims that he often visits his family in Nyack, New York, a short distance from Stamford, Connecticut. Despite dozens of trips to Nyack over the last thirty years, however, Harty specifies only a single occasion on which he stayed overnight in Stamford—namely, the occasion giving rise to his complaint. While he asserts that he frequently visits Connecticut as part of his travels to Nyack, moreover, Harty's complaint does not evidence any concrete plan to stay overnight in Stamford in the future.

Further, Harty's assertion that he "constantly travel[s] nationwide and visit[s] gun shows throughout the country" lacks the specificity necessary to establish an ongoing injury caused by the Stamford Hampton Inn's alleged ADA violations. In particular, this claim establishes that Harty travels frequently, but not that he has any present intentions to travel to Stamford for an overnight visit. Harty's assertion that he visits public accommodations as an ADA "tester" is similarly unavailing

as it too lacks the requisite link to Stamford, Connecticut.

We have reviewed Harty's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

---

**1.** Harty argues that it would be a "futile gesture to stay at the [Hampton Inn] unless [he is] willing to suffer discrimination." At oral argument, his attorney asserted that under our recent decision in *Kreisler v. Second Ave. Diner Corp.*, such deterrence is a cognizable injury under the ADA. *Kreisler*, 731 F.3d at 187–88, 2013 WL 5340465 at *2. Assuming, *arguendo*, that under *Kreisler*, Harty does not need to demonstrate an intention to return to the Hampton Inn in Stamford, Connecticut, but rather must allege that he is deterred from staying there, his complaint and affidavit must still give rise to "a reasonable inference that he would frequent [the Inn] were the violation remedied" *Id.* at 188, 2013 WL 5340465 at *3—an inference that we conclude cannot be drawn.