Julia YEPEZ, Plaintiff,

v.

44 COURT STREET LLC and Duane Reade, Inc., Defendants.

No. 13–CV–0758.

United States District Court, E.D. New York.

Jan. 30, 2014.

Adam S. Hanski, Glen Parker, Parker Hanski LLC, New York, NY, for Plaintiff.

Jeffrey Howard Klarsfeld, Platte, Klarsfeld, Levine & Lachtman, LLP, Joel L. Finger, Eric D. Witkin, Littler Mendelson P.C., New York, NY, for Defendants.

## ORDER

JACK B. WEINSTEIN, Senior District Judge:

## Table of Contents

I.    Introduction ............................................................334

II.   Defendants' Motion *in Limine* ...........................................335
      A.   Visits by Plaintiff Prior to February 9, 2010 .............................335
      B.   Evidence of Alterations Prior to Designation as Landmark ...............335
      C.   Evidence Regarding the Interior of Duane Reade ........................335
      D.   Consent Decree .................................................335
      E.   Hearsay .......................................................336

III.  Plaintiff's Motion for Preliminary Injunction .................................336

IV.   Scheduling .............................................................336

## I. Introduction

Plaintiff Julia Yepez sues defendants 44 Court Street LLC and Duane Reade, Inc. for failing to meet accessibility requirements for people with disabilities who use a wheelchair. Duane Reade operates a store in a building at 44 Court Street in Brooklyn, New York; 44 Court Street LLC is the building's landlord.

Plaintiff alleges: (1) conspiracy to interfere with civil rights, 42 U.S.C. § 1985; (2)

disability discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.;* (3) disability discrimination under the New York State Executive Law, § 296; (4) disability discrimination under the New York State Civil Rights Law, § 40; (5) disability discrimination under the Administrative Code of the City of New York, § 8–107; and (6) negligence.

## II. Defendants' Motion *in Limine*

Defendant Duane Reade submitted a motion *in limine,* which defendant 44 Court Street, LLC moves to join. The motion by 44 Court Street to join is granted.

The following rulings on defendants' motions *in limine* were made at a hearing on January 27, 2014.

### A. Visits by Plaintiff Prior to February 9, 2010

■ Defendants seek to exclude evidence of visits to the store by plaintiff prior to February 9, 2010 because they occurred outside the three-year statute of limitations. Such visits are admissible to show plaintiff's state of mind—that she had knowledge of the building, made an effort to access the building, and believed she was unable to access the building. This evidence is relevant to determine if plaintiff was subject to discrimination under the ADA. *See* 42 § 12188(a)(1) ("actual notice" of noncompliance with ADA is sufficient to confer standing).

### B. Evidence of Alterations Prior to Designation as Historic Building

■ Defendants argue that any evidence concerning alterations prior to the building's designation as historic on September 13, 2011 should be excluded because the ADA applies different standards to historic and non-historic buildings. Evi-

dence of work done prior to designation as a historic building is relevant to prove noncompliance during that period. *See Roberts v. Royal Atlantic Corp.,* 542 F.3d 363, 375 (2008) ("Our inquiry under section 12183(b) is backward-looking. It asks whether, at the time the ... renovations were performed, the defendants had made maximally feasible efforts to achieve the requisite level of accessibility."). This evidence is admissible.

### C. Evidence Regarding the Interior of Duane Reade

■ Because plaintiff has not been inside the store since 2005, Defendant seeks to exclude evidence of its interior. The plaintiff need not "engage in a futile gesture if such person has actual notice" of noncompliance. *See* 42 U.S.C. § 12188(a)(1). If the plaintiff was deterred from entry, it is not necessary for her to have actually entered the store to suffer from the interior's alleged noncompliance with ADA standards. *See Kreisler v. Second Avenue Diner Corp.,* 2011 WL 4686500 (S.D.N.Y. Oct. 5, 2011), *aff'd, Kreisler v. Second Avenue Diner Corp.,* 731 F.3d 184 (2d Cir.2013) ("[O]nce a plaintiff has standing to sue a defendant for an ADA violation stemming from barriers to entry, standing extends to violations discovered inside the establishment during discovery"). ADA violations in the interior that were uncovered during discovery are permitted as evidence. *See Kreisler,* 731 F.3d at 188 fn. 5 ("[W]e see nothing that would preclude" a finding that "a plaintiff has standing to challenge ADA violations that he became aware of after the lawsuit's commencement.").

### D. Consent Decree

■ Defendants move to exclude a 2006 consent decree regarding ADA compliance between Duane Reade and plain-

tiffs not involved in case. "A consent decree may properly be admitted to demonstrate that a defendant was aware of its legal obligations." *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127 (2008). The consent decree is admissible to prove Duane Reade's familiarity with ADA requirements. It is not admissible with respect to 44 Court Street LLC, which was not a party to that action.

### E. Hearsay

■ Defendants wish to exclude as hearsay comments allegedly made by unidentified Duane Reade employees to the plaintiff's attendants, which were then communicated by the attendants to the plaintiff. Statements made before February 9, 2010 are admissible as evidence of plaintiff's state of mind. *See supra* Part II.A. Statements made on or after February 9, 2010 are admissible as an opposing party's statement. The plaintiff has laid a sufficient evidentiary foundation, alleging that the speakers' clothing and name tag indicated that the individuals were employees of Duane Reade, to meet the requirements for admission under Rule 801(d)(2)(D). *See Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 538 (2d Cir.1992) ("But circumstantial evidence may establish the scope, as well as the existence, of the agency relationship.").

### III. Plaintiff's Motion for Preliminary Injunction

■ Plaintiff's moved for a preliminary injunction. *See* Hr'g Tr. at 14 (Jan. 27, 2014). The motion for a preliminary injunction was waived, *see* Scheduling Order, *Yepez v. 44 Court St., et al.*, 13–CV–0758 (Nov. 12, 2013), and denied. She now fails to demonstrate that "absent injunctive relief, [she] will suffer irreparable harm, and 2) either a) that [she] is likely to succeed on the merits, or b) that there are suffi-

ciently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in [her] favor. . . ." *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir.2000) (citation omitted). In this case, where the plaintiff seeks a change in the status quo, "the movant must show 'clear' or 'substantial' likelihood of success." *Id.* (citing *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir.1999)).

Plaintiff does not have sufficient evidence regarding the likelihood of success as to injunctive relief or the balance of hardships to warrant preliminary injunctive relief.

Extensive construction, alleged by the defendants to comply with federal, state, and local law, is expected to begin by next week. *See* Hr'g Tr. at 18 (Jan. 27, 2014). Injunctive relief is not appropriate.

### IV. Scheduling

The trial will commence March 3, 2014 at 10:00 a.m.

By February 26, 2014, the parties shall submit to the court proposed findings of fact and law. They shall also exchange and file with the court: (1) lists of pre-marked exhibits proposed for use at trial, together with copies of all exhibits; (2) lists of potential witnesses together with brief summaries of proposed testimony; and (3) stipulations with respect to all undisputed facts.

Any disputes related to briefing schedules or discovery are respectfully referred to the magistrate judge.

This case is respectfully referred to the magistrate judge for settlement discussion.

SO ORDERED.