14-158-cv
*Pincus v. National Railroad Passenger Corp.*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of October, two thousand fourteen.**

PRESENT:
          JOSÉ A. CABRANES,
          CHESTER J. STRAUB,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

ILENE PINCUS,

          *Plaintiff-Appellant*,

               v.                                    No. 14-158-cv

NATIONAL RAILROAD PASSENGER CORPORATION,

          *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                David S. Oliver, Damien H. Prosser,
                                            Jessica L. Thorson, Morgan &
                                            Morgan, P.A., Orlando, FL.


**FOR DEFENDANT-APPELLEE:**                 Anne Marie Estevez, Beth S. Joseph,
                                            Morgan, Lewis & Bockius LLP, Miami
                                            FL.

1

Appeal from a December 31, 2013 judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings.

Appellant Ilene Pincus appeals the judgment of the District Court, dismissing her complaint against the National Railroad Passenger Corporation ("Amtrak") on standing grounds. Pincus, who is unable to stand or walk for more than three to five minutes at a time and utilizes a wheelchair, sought declaratory and injunctive relief on behalf of herself and those similarly situated against Amtrak for its alleged violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (the "Rehabilitation Act"). The injunctive relief sought would require Amtrak to provide wheelchairs and wheelchair assistance to passengers who have mobility-related disabilities. The claims stem from hardships Pincus encountered when travelling roundtrip on Amtrak between the Tampa, Florida station and New York's Penn Station, which allegedly included Amtrak's failure to have a wheelchair and attendant waiting for her despite her prior notification of the need for these provisions; supplying her with a wheelchair that was too small; and leaving her unattended in a wheelchair she could not operate. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for want of standing. *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003). In conducting this review, "we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Further, "[w]e construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff['s] favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (citation and internal quotation marks omitted).

A plaintiff has standing to assert a claim if the complaint sufficiently alleges (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–65 (1992) (internal quotation marks omitted). Injunctive relief may not be granted on the basis of a plaintiff's past injury; rather, a plaintiff must show a likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir.1998).

Plaintiff's Rehabilitation Act claim prompts the same standing analysis as applicable under the American with Disabilities Act of 1990, since none of the "subtle distinctions" between the two

statutes are relevant to the case at bar. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008). For federal disability claims seeking injunctive relief, we have found standing where a plaintiff (1) alleges past injury under the federal statute, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187–88, (2d Cir. 2013). The parties do not dispute Pincus's prior injury. At issue on appeal is whether she has adequately demonstrated the intent to return to the public accommodation required by the third prong of the standing inquiry.

We conclude that Pincus's professed intent to use Amtrak again is sufficient to establish standing. The second amended class action complaint alleges that Pincus "desires to utilize Amtrak rail stations not only to avail herself of the goods and services available at the rail stations," but also in the capacity of a tester "to assure herself that Amtrak is in compliance with the Rehabilitation Act so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." Second Am. Compl. ¶ 16. The complaint further alleges that Amtrak's "discriminatory practices also prevent Pincus from returning to the property to enjoy the goods and services available to the public." *Id.* ¶ 9. This Court has previously recognized deterrence as a cognizable injury on a disability claim. *Kreisler*, 731 F.3d at 188. A disability plaintiff like Pincus "need not attempt to overcome an obvious barrier," so long as she pleads sufficient facts to "create a reasonable inference that [s]he would frequent the [public accommodation] were the violation remedied." *Id.* The allegations here support such a reasonable inference.

Our prior precedent, relied upon by the district court in its dismissal and by Amtrak on appeal, does not proscribe standing. In reliance on our prior opinions in *Kreisler*, 731 F.3d at 188, and *Camarillo*, 518 F.3d at 158, the district court found that plaintiff's failure to plead the frequency with which she visited Tampa's Amtrak station, the proximity of her home to the station, or reasons for future travel foreclosed any reasonable inference that Pincus would frequent the station if the violation were remedied. Although those factors are certainly significant, they need not prove dispositive in this case, as they were in *Kreisler* and *Camarillo*, both of which involved handicapped plaintiffs' access to service at local food establishments. Here, plaintiff is seeking future access not to one of many local restaurants, but to the only national railway system. Given Pincus's prior use of Amtrak, her residence in a city with an Amtrak station, and the distinct and widespread nature of Amtrak's services in providing access to intercity travel, it is reasonable to infer from the complaint that Pincus intends to patronize Amtrak again if the alleged violations are remedied.

In light of our obligation to construe plaintiff's complaint liberally and draw all reasonable inferences in her favor, plaintiff's allegations are sufficient for standing purposes. If, however, doubt remains as to Pincus's professed intent to use Amtrak's services in the future, it may be resolved by the district court by discovery, fact-finding and, if necessary, an evidentiary hearing to evaluate, *inter*

3

*alia*, Pincus's credibility. *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits.").

We express no opinion on the alternative proposed grounds for dismissal advanced by defendant Amtrak, which were the subject of appellate briefing but have not yet been decided in the first instance by the district court.

## CONCLUSION

For the foregoing reasons, the District Court's judgment is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk