16-1240-cv
Perdum v. Forest City Ratner Cos.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                *Circuit Judges*.

------------------------------------------------------------------------

JEROME K. PERDUM, SR.,
                        *Plaintiff-Appellant*,


                    v.                                    No. 16-1240-cv


FOREST CITY RATNER COMPANIES, FIRST NEW YORK PARTNERS MANAGEMENT, LLC, ATLANTIC CENTER FORT GREENE ASSOCIATES,
                        *Defendants-Appellees*,


TARGET STORES, PATHMARK STORES,
                        *Defendants*.

------------------------------------------------------------------------


FOR APPELLANT:              Michael L. Walker, Law Offices of Michael L. Walker, Brooklyn, New York.

FOR APPELLEES:              Richard M. Freiman, Zena Eldada, Richard Freiman & Associates, PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 29, 2016 judgment of the district court is AFFIRMED.

Plaintiff Jerome K. Perdum, Sr., appeals from an award of summary judgment in favor of defendants Forest City Ratner Companies, First New York Partners Management, LLC, and Atlantic Center Fort Greene Associates, which dismissed Perdum's claim of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, for lack of standing. We review an award of summary judgment for lack of standing *de novo*. *See Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. *See Perdum v. Forest City Ratner Cos.*, 174 F. Supp. 3d 706 (E.D.N.Y. 2016).

To establish standing under the ADA, a plaintiff must show, *inter alia*, an "injury in fact" that is both "concrete and particularized" and "actual or imminent." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). The district court correctly concluded that Perdum lacks standing to bring his ADA claim because the "barriers to entry" that he alleges do not establish injury in fact. *Perdum v. Forest City Ratner Cos.*, 174 F. Supp. 3d at 715–18. The "harassment" and associated penalties that he alleges

2

resulted from his continued use of prohibited parking on a private street posed no obstacle to Perdum's access to the places of public accommodation here at issue: the Atlantic Mall shopping center and a Pathmark grocery store located therein. Perdum's argument that such harassment has "deterred" him from shopping at these places, Appellant's Br. 10; *see Kreisler v. Second Ave. Diner Corp.*, 731 F.3d at 188 (holding deterrence from use of public accommodation may constitute injury under ADA), is belied by undisputed evidence that he has returned to and shopped at the Atlantic Mall after the alleged harassment, using alternative parking. *See Perdum v. Forest City Ratner Cos.*, 174 F. Supp. 3d at 716. Perdum's argument that he has been "denied access to handicapped parking," Appellant's Br. 9, also fails because the record shows that the parking garage associated with the Mall offers 30 designated handicapped parking places and direct elevator access to the Mall. Undisputed evidence establishes that Perdum is capable of entering the garage in his vehicle but chooses not to do so because it allegedly prompts him to experience "claustrophobia." App'x 304. But he does not allege that condition to be a disability requiring accommodation. *See Perdum v. Forest City Ratner Cos.*, 174 F. Supp. 3d at 717–18. Accordingly, Perdum's ADA claim was correctly dismissed for lack of standing.

We have reviewed Perdum's remaining arguments and conclude that they are without merit. Accordingly, the March 29, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3