18-1643-cv
*Holland Loader Company v. FLSmidth*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                  *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HOLLAND LOADER COMPANY LLC,

                  *Plaintiff-Appellant*,

                  v.                                      18-1643-cv

FLSMIDTH A/S,

                  *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          MICHAEL V. RELLA (Daniel S. Alter, Gaurav K. Talwar, *on the brief*), Murphy & McGonigle, P.C., New York, New York; David K. Isom, Isom Law Firm PLLC, Salt Lake City, Utah.

FOR DEFENDANT-APPELLEE:              STEPHEN M. HARNIK, Harnik Law
                                     Firm, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Woods, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Holland Loader Company LLC ("Holland") appeals from the district court's May 3, 2018 judgment in favor of defendant-appellee FLSmidth A/S ("FLS").  After a four-day bench trial, the district court issued findings of fact and conclusions of law, holding that FLS breached its obligation to use commercially reasonable efforts to promote the sale of Holland products pursuant to its intellectual property purchase agreement (the "Agreement") with Holland.  *See generally Holland Loader Co. v. FLSmidth A/S*, 313 F. Supp. 3d 447 (S.D.N.Y. 2018).  The district court also concluded, however, that Holland failed to prove that it suffered damages and, accordingly, entered judgment in favor of FLS.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On May 25, 2012, FLS and Holland entered into the Agreement, under which FLS purchased Holland's intellectual property in return for an initial payment of $350,000, an additional advanced earnout payment of $350,000 to occur on December 15, 2012, and a percentage of future profits from the sale of qualifying products over the next five years, which would be credited against the December 15, 2012 advanced

2

earnout payment. The Agreement capped earnout payments at $4 million. FLS made the $350,000 initial payment as well as the $350,000 advanced earnout payment, but thereafter made no further payments to Holland. Holland argued at trial, and argues now on appeal, that FLS's breach of the Agreement caused it to sustain more than $3.65 million in damages -- the entire unpaid remainder of the cap of $4 million on earnout payments -- and that therefore it is entitled to an award in that amount.

## DISCUSSION

The sole issue on appeal is whether the district court erred in ruling that Holland failed to prove the fact of damages. "On appeal from a judgment after a bench trial, we review the district court's finding[s] of fact for clear error and its conclusions of law de novo." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 n.2 (2d Cir. 2013) (internal quotation marks omitted).

The parties agree that the lost profits claimed by Holland are general, rather than consequential, damages. *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109 (2d Cir. 2007). To prove general damages under New York law, the plaintiff must show (1) the fact or existence of damages to a "reasonable certainty" and, if the fact or existence of damages is proven, (2) "a 'stable foundation for a reasonable estimate' [of damages] incurred as a result of the breach." *Id.* at 110 (quoting *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926. (2d Cir. 1977)).[1] The

---

[1] The Agreement is governed by New York law.

3

first prong concerns causation, while the second prong speaks to the amount of damages. *Id.* at 110-11. "Reasonable certainty" requires a showing of damages that is "not merely speculative, possible, and imaginary, but . . . such only as actually follow or may follow from the breach of the contract." *Id.* (internal quotation marks omitted); *see also Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) ("Causation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach *directly and proximately caused* his or her damages."). A stable foundation for a reasonable estimation "necessarily requires some improvisation," and "[t]he law will make the best appraisal that it can, summoning to its service whatever aids it can command." *Contemporary Mission*, 557 F.2d at 926-27 (internal quotation marks omitted).

The district court found that Holland failed to prove, by a preponderance of the evidence, the *existence* of damage caused by the breach. First, the district court concluded, based on its assessment of the trial testimony and other evidence, that the revenue projections in the deal memorandum lacked any "established" or "reliable" indicators of accuracy and "could not be substantiated or justified." *Holland Loader*, 313 F. Supp. 3d at 481-82. Second, the district court held that evidence of the historical sale by Holland of one refurbished loader for $500,000, two trailers, and spare parts to construction customers over the ten-year period before the May 2010 Agreement did little to predict the sale of Holland products, after necessary design modifications, to the

4

mining industry. *Id.* at 482. The district court found that the sale of one loader in a ten-year period failed to indicate with reasonable certainty that, but for FLS's breach, any sales would have been made during the five-year earnout period. *Id.*; *see also Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 212 (1886) ("Profits which would certainly have been realized but for the defendant's default are recoverable."). Third, the district court discredited Holland's expert witness's view that the missed sales opportunities established the fact of damage because the "opinion was based on basic math and on FLS's internal forecast" that was not "prepared as a sales projection." *Holland Loader*, 313 F. Supp. 3d at 481. Finally, the district court held that evidence of sales of similar products did not permit a valid comparison because the testimony related to sales in the North American market, not the international market. *Id.* at 482. These were factual determinations, and the district court's findings of fact were not clearly erroneous. *See Bessemer Tr. Co. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010).

Holland argues that the district court improperly denied it recovery by employing the higher standard for proving consequential, rather than general, damages. But the proof required to show the *existence* of damages is the same for general and consequential damages. The standards differ only with respect to the calculation of the *amount* of damages. *See Tractebel*, 487 F.3d at 111 (comparing New York law for general and consequential damages, and noting that while both standards require the *fact* of damage to be "reasonably certain," proof of consequential damages

5

involves "a higher burden" because "[w]hile certainty of amount is not an element of general damages in New York, it is an element of consequential damages."). The district court here, however, did not reach the question of the amount of damages. It found that Holland "failed to prove by a preponderance of the evidence that it *suffered* damages as a result of [FLS]'s breach." *Holland Loader*, 313 F. Supp. 3d at 480 (emphasis added); *see also id.* at 481 ("Plaintiff's evidence of damages is nothing more than speculative."). That FLS failed to use commercially reasonable efforts to market and sell the products at issue does not necessarily mean the breach caused the absence or diminution of earnout payments. The district court did not conflate the standard for proving general and consequential damages.

Holland also argues that the district court erred in ignoring the long-standing New York rule that "[a] person violating his contract should not be permitted entirely to escape liability because the amount of the damage which he has caused is uncertain." *Tractebel*, 487 F.3d at 110. But, again, this rule applies only after the existence or fact -- as opposed to the amount -- of damages is determined to be reasonably certain. *Id.* Because the district court held that Holland failed to prove the fact of damage with reasonable certainty, it never reached the question of the amount of damages. Thus, it did not err in not invoking the wrongdoer rule.

Finally, Holland argues that the district court improperly applied New York's new business rule in concluding that Holland's evidence was insufficient to

6

establish the fact of damages. The new business rule provides that "evidence of lost profits from a new business venture receives greater scrutiny because there is no track record upon which to base an estimate." *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000). It "is not a per se rule forbidding the award of lost profits damages to new businesses, but rather an evidentiary rule that creates a higher 'level of proof needed to achieve reasonable certainty as to the amount of damages.'" *Int'l Telepassport Corp. v. USFI, Inc.*, 89 F.3d 82, 86 (2d Cir. 1996) (quoting *Travellers Int'l, A.G. v. Trans World Airlines*, 41 F.3d 1570, 1579 (2d Cir. 1994)). Holland notes that the new business rule applies only to consequential lost profit damages and that, therefore, its use here was error. FLS cites to *Inficon, Inc. v. Verionix, Inc.*, for the proposition that the new business rule applies equally to cases involving general lost profit damages. 182 F. Supp. 3d 32, 37 (S.D.N.Y. 2016).

We need not wade into this unsettled area of New York law. To the extent the district relied on this rule, rather than merely citing to it generally, there is no error. Regardless of the application of the new business rule, the district court was entitled to make credibility determinations, and it was entitled to find that certain evidence was less probative of the fact of lost profits because the evidence was speculative, unreliable, or not factually comparable. The district court thoroughly analyzed the evidence of damages and determined that much of Holland's evidence of damage was unreliable and speculative. "If the district court's account of the evidence is plausible in light of

7

the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.  Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).  As discussed above, the district court's findings were not clearly erroneous.

*     *     *

We have considered the parties' remaining arguments and find them to be without merit.  For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court