23-0921
General Security, Inc. v. Commercial Fire & Security, Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH
> MYRNA PÉREZ
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

GENERAL SECURITY, INC.,

> *Plaintiff-Appellee*,

v.                                                                No. 23-0921

COMMERCIAL FIRE & SECURITY, INC.,
WAYNE WAHRSAGER, STEVEN MORAN,

> *Defendants-Appellants*,

JOHN DOES 1-10,

> *Defendant*.

_____

1

FOR DEFENDANTS-APPELLANTS:    KENNETH KIRSCHENBAUM, Kirschenbaum & Kirschenbaum, P.C., Garden City, NY.

FOR PLAINTIFF-APPELLEE:    ADAM I. KLEINBERG, Sokoloff Stern LLP, Carle Place, NY.

Appeal from a judgment, dated May 26, 2023, of the United States District Court for the Eastern District of New York (Anne Y. Shields, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants appeal a damages award in a commercial dispute between two New York companies that sell and monitor home and commercial security camera and alarm systems. After a bench trial, the district court found that Defendants-Appellants Commercial Fire & Security, Inc. ("Commercial Fire"), Wayne Wahrsager, and Steven Moran (collectively, "Defendants") had violated the Lanham Act and committed tortious interference with a contract by attempting to poach customers from Plaintiff-Appellee General Security, Inc. ("General Security"). On appeal, Defendants do not challenge the finding of liability. Instead, they challenge the district court's decision to award General Security $91,036.80 in compensatory damages. We assume the parties' familiarity with the facts underlying this appeal, and reference them only as necessary to explain our decision to affirm.

## I. Background

The parties in this case are all in the business of installing, maintaining, and monitoring security cameras and alarm systems. The individual defendants, Wayne Wahrsager and Steven Moran, previously worked at New York Merchants Protective Company ("NYMP"), a now-defunct competitor of Commercial Fire and General Security. In 2016, several years after

Wahrsager and Moran had departed from their positions at NYMP, General Security purchased all of NYMP's assets for a sum of $4,841,431.12. The assets most relevant to this case were customer accounts, contracts previously owned by NYMP, and NYMP's licensing and branding materials.

In the months after General Security closed on the NYMP asset acquisition, General Security began to receive an unusual number of cancellation notices from former NYMP customers. Many of these cancellation notices mentioned that they were taking their business to Commercial Fire. In all, 69 former NYMP customers terminated their contracts with General Security and took their business to Commercial Fire.

General Security traced the account cancellations to allegedly misleading sales pitches that Wahrsager and Moran were making to former NYMP customers about the nature of the transaction between NYMP and General Security. General Security sued, alleging a variety of claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*.; the Lanham Act, 15 U.S.C. § 1125(a); and New York state law. After a bench trial, the district court dismissed a number of the claims, but entered judgment for General Security on a claim under the Lanham Act and a state law tortious interference with contract claim.

General Security sought $521,743.68 in compensatory damages, which it alleged was equivalent to the twelve-year value of the 69 customer accounts Wahrsager and Moran acquired for Commercial Fire. The district court, however, found that 56 of those 69 customer accounts were subject to a "holdback provision" in the General Security—NYMP acquisition agreement and should not be calculated as part of the damages. The district court thus awarded General Security only $91,036.80 in compensatory damages, which represented the estimated twelve-year revenue of the 13 customer accounts that were not subject to the holdback provision.

Defendants' primary arguments on appeal revolve around the district court's decision to

use a twelve-year estimate for the potential length of the contracts. The twelve-year figure came from the testimony of John Lupino, General Security's General Manager who had been involved in negotiating the NYMP acquisition and transitioning the newly-acquired accounts to General Security thereafter. Based on his own review of General Security's customer records database and his general understanding of industry standards, Lupino proposed the twelve-year figure as a reasonable measure for calculating damages. Defendants argue on appeal that General Security failed to meet its burden of proof to establish the damages with reasonable certainty, and that Lupino's testimony was inadmissible as improper lay testimony.

## II. Standard of Review

On appeal from a judgment after a bench trial, we review "the district court's finding[s] of fact for clear error and its conclusions of law *de novo*." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 n.2 (2d Cir. 2013) (internal quotation marks omitted). "Although the amount of recoverable damages is a question of fact, the measure of damages upon which the factual computation is based is a question of law." *Process America, Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 143 (2d Cir. 2016) (quoting *Wolff & Munier, Inc. v. Whiting-Turner Contracting Co.*, 946 F.2d 1003, 1009 (2d Cir. 1991)).

## III. Discussion

We conclude that Lupino's testimony was sufficient for General Security to meet its burden with regard to damages and affirm the judgment of the district court in its entirety. Under the Lanham Act, 15 U.S.C. § 1125(a), "causation must first be established," and a plaintiff "will be entitled only to such damages as were caused by the violation." *Burndy Corp. v. Teledyne Indus., Inc.*, 748 F.2d 767, 771 (2d Cir. 1984) (other citations omitted). Once causation is established, a district court "may engage in some degree of speculation in computing the *amount* of damages,

4

particularly when the inability to compute them is attributable to the defendant's wrongdoing." *Id.* Moreover, although a plaintiff bears the burden of establishing lost revenue, the "defendant must prove all elements of cost or deduction claimed." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 261 (2d Cir. 2014) (quoting 15 U.S.C. § 1117(a)). And under New York state law, "a plaintiff in a tortious interference with contract case is entitled to damages in the amount of the full pecuniary loss of the benefits of the contract, and . . . 'the elements of damages, including consequential damages, [are] those recognized under the more liberal rules applicable to tort actions.'" *Int'l Minerals and Res., S.A. v. Pappas*, 96 F.3d 586, 597 (2d Cir. 1996) (alteration in original) (quoting *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 197 n.6 (1980)). General Security bore the burden to "establish both the existence and amount of such damages with reasonable certainty." *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000) (citing *Kenford Co. v. Cnty of Erie*, 67 N.Y.2d 257, 261 (1986)). General Security was not required to prove damages "with mathematical precision," but was required to show that lost future profits were "capable of measurement based upon known reliable factors without undue speculation." *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 403 (1993) (other citations omitted). Although General Security bears the burden to show "a stable foundation for a reasonable estimate of damages to which he is entitled," "the burden of uncertainty as to the amount of damage is upon the wrongdoer," here the Defendants. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006) (internal quotation marks omitted).

General Security met its burden. Making estimates of future profit loss "necessarily requires some improvisation, and the party who has caused the loss may not insist on theoretical perfection." *Tractebel Energy Mktg. v. AEP Power Mktg.*, 487 F.3d 89, 110 (2d Cir. 2007) (quoting *Entis v. Atl. Wire & Cable Corp.*, 335 F.2d 759, 763 (2d Cir. 1964)). Lupino testified

5

that he had reviewed over 20 years of General Security's customer records and calculated an average estimated duration of customer accounts based on that data. That is a "stable foundation for a reasonable estimate of the damage incurred" that this Court and New York state courts require in contract law claims. *Id.* (internal quotation marks omitted). Defendants also argue that the damages award did not account for costs and only awarded gross revenue, but as noted above, the burden is on Defendants as the wrongdoers to establish any uncertainty as to the damages. *See Merck*, 760 F.3d at 261 ("[D]efendant must prove all elements of cost or deduction claimed.") (quoting 15 U.S.C. § 1117(a)); *Boyce*, 464 F.3d at 391 ("[T]he burden of uncertainty as to the amount of damage is upon the wrongdoer."). This Defendants did not do. Defendants do not identify, nor could we find, any evidence presented at trial regarding General Security's costs related to the acquired customer accounts, which Defendants could have easily developed. Thus, we find no error.

We further reject any contention that Lupino was not qualified to testify about damages in this manner as a lay witness. As a preliminary matter, Defendants do not appear to have objected to this testimony as improper lay testimony during the bench trial or in their post-trial submission. Thus, we apply the plain error standard of review and conclude there is no error. *See United States v. Donziger*, 38 F.4th 290, 302–03 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 868 (2023). Rule 701 of the Federal Rules of Evidence requires that Lupino's testimony "be rationally based on the perception of the witness." *Bank of China v. NBM LLC*, 359 F.3d 171, 181–82 (2d Cir. 2004) (citations and internal quotation marks omitted). In similar commercial litigation contexts, we have found that company executives testifying as lay witnesses are "fully capable of examining the company's sales over a period of years . . . and testifying to the estimated losses attributable to the defamatory and fraudulent activities of appellants." *Securitron Magnalock Corp. v. Schnabolk*,

65 F.3d 256, 265 (2d Cir. 1995). Lupino testified to his own calculations and understanding of his employer's books and records. This was "helpful to clearly understanding the witness's testimony or to determining" the damages at issue and was not the kind of testimony that needed to be introduced via an expert witness. Fed. R. Evid. 701(b).

*    *    *

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court