FILED
United States Court of Appeals
Tenth Circuit

September 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

     Plaintiff - Appellant,

v.

No. 16-1340

COLLEGEAMERICA DENVER,
INC., n/k/a Center for Excellence in
Higher Education, Inc., d/b/a
CollegeAmerica,

     Defendant - Appellee.
_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:14-CV-01232-LTB-MJW)**
_____

Susan R. Oxford (P. David Lopez, General Counsel, Jennifer S. Goldstein,
Associate General Counsel, James L. Lee, Deputy General Counsel, Margo
Pave, Assistant General Counsel, and Paul D. Ramshaw, Attorney, on the
briefs), Equal Employment Opportunity Commission, Office of General
Counsel, Washington, D.C, for Plaintiff-Appellant Equal Employment
Opportunity Commission.

Raymond W. Martin (Craig R. May, with him on the brief), Wheeler Trigg
O'Donnell LLP, Denver, Colorado, for Defendant-Appellee
CollegeAmerica Denver, Inc.
_____

Before **KELLY**, **MURPHY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.

_____

This appeal grew out of a dispute between a company and its former employee. In that dispute, the company asserted certain legal positions that an agency viewed as unlawful. In light of this view, the agency sued the company in part for unlawful interference with statutory rights. Responding to this suit, the company disavowed the legal positions known to concern the agency. The company's disavowal of these legal positions led the district court to dismiss the agency's unlawful-interference claim as moot.

For the sake of argument, we may assume that this ruling was correct at the time. But the company then asserted a new theory against the former employee, which the agency regarded as a continuation of the unlawful interference with statutory rights. This development leads us to ask: Did the agency's unlawful-interference claim remain moot after the parties disputed whether the company could lawfully assert its new theory against the former employee? We think not and reverse the dismissal.

## I. CollegeAmerica's Assertion of a New Theory After Obtaining Dismissal

The company is CollegeAmerica Denver, Inc., and the former employee is Ms. Debbi Potts. CollegeAmerica and Ms. Potts resolved a dispute by entering into a settlement agreement. But CollegeAmerica later

came to believe that Ms. Potts had breached the settlement agreement. This belief led CollegeAmerica to sue Ms. Potts in state court.

That suit sparked the interest of an agency, the Equal Employment Opportunity Commission. The EEOC believed that CollegeAmerica's interpretation and enforcement of the settlement agreement was unlawfully interfering with statutory rights enjoyed by Ms. Potts and the EEOC. Based on this belief, the EEOC sued CollegeAmerica in federal court. The EEOC's claims included one for unlawful interference with statutory rights.

Seeking to blunt the unlawful-interference claim, CollegeAmerica disavowed the legal positions known to trouble the EEOC. As a result, the district court dismissed the unlawful-interference claim as moot.

But the EEOC also had a retaliation claim, which remained for trial. Defending against this claim, CollegeAmerica presented a new theory against Ms. Potts: that she had breached the settlement agreement by reporting adverse information to the EEOC without notifying CollegeAmerica. The EEOC believed that by presenting this new theory, CollegeAmerica was continuing to interfere with Ms. Potts's and the EEOC's statutory rights.

The EEOC appealed the dismissal of the unlawful-interference claim, arguing that the claim is not moot in light of CollegeAmerica's new theory. We agree.

3

## II.    Standard of Review

We review de novo whether a claim is moot. *See WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1181 (10th Cir. 2012). In conducting de novo review, we consider which party bore the burden of proof. Here that party is CollegeAmerica. *See id.* at 1183.

## III.    Mootness and Voluntary Cessation

Under Article III of the U.S. Constitution, the judicial power of the federal courts is limited "to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. __, 133 S. Ct. 2652, 2661 (2013) (quoting U.S. Const. art. III, § 2). A case or controversy does not exist when a claim is moot.[1] Thus, moot claims must be dismissed. *See Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 828 (2017).

A claim is moot when a plaintiff loses a personal stake in the outcome because of some intervening event. *Campbell-Ewald Co. v. Gomez*, 577 U.S. __, 136 S. Ct. 663, 669 (2016). In assessing mootness, we consider whether a favorable judicial decision would have some effect in the real world. *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005). If a plaintiff no longer suffers an actual injury redressable by a

---

[1]    Mootness can be constitutional or prudential. *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011). The parties' arguments discuss constitutional mootness but not prudential mootness. Like the parties, we address constitutional mootness rather than prudential mootness.

favorable judicial decision, the claim is moot. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).

A special rule applies when the defendant voluntarily stops the challenged conduct. When the conduct stops, the claim will be deemed moot only if two conditions exist:

1. "'[I]t is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'"[2]

2. "'[I]nterim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'"[3]

## IV. CollegeAmerica's Failure to Satisfy the First Condition

In our view, the first condition is not satisfied,[4] for CollegeAmerica continues to stand by its new theory of how Ms. Potts had breached the settlement agreement.

In arguing that the case is moot, CollegeAmerica invokes two declarations from its general counsel. Through these declarations, the

---

[2] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

[3] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (quoting *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)).

[4] The EEOC suggests that in conducting our voluntary-cessation analysis, we should consider whether CollegeAmerica has admitted wrongdoing. For the sake of argument, we may assume that the absence of an admission does not affect mootness. Even with that assumption, we would reverse the district court's determination of mootness.

general counsel provided assurance that CollegeAmerica would not take the positions known to trouble the EEOC.

The EEOC urges us not to rely on these declarations, pointing to a theory that CollegeAmerica presented after the filing of the declarations: that Ms. Potts had breached the settlement agreement by reporting adverse information to the EEOC without notifying CollegeAmerica. The EEOC contends that this argument continues CollegeAmerica's unlawful interference with statutory rights.

On appeal, CollegeAmerica stands by its new theory and apparently plans to present it in the state-court suit against Ms. Potts.[5] These plans create the potential for CollegeAmerica to repeat its allegedly wrongful behavior. Thus, CollegeAmerica has not satisfied its burden of demonstrating the absence of a potential for reoccurrence. In these circumstances, we cannot find mootness based on voluntary cessation.[6]

---

[5]     CollegeAmerica's state-court suit against Ms. Potts has been abated and will resume once the federal litigation has ended.

[6]     We need not decide whether the district court was right to dismiss the claim based on the record as it then existed. Regardless of whether the district court was right at the time, there is now a live case or controversy. *See Smith v. Allen*, 502 F.3d 1255, 1267-68 (11th Cir. 2007) (concluding that a claim was no longer moot because of developments that had taken place after the district court ruled), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011); *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir. 1999) (same conclusion with regard to multiple claims), *abrogated on other grounds by Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012).

## V.    An Effect in the Real World

CollegeAmerica also argues that the case is moot because the outcome would not affect anything in the real world. We disagree.

In its state-court suit, CollegeAmerica apparently plans to argue that Ms. Potts breached the settlement agreement by reporting adverse information to the EEOC without notifying CollegeAmerica. In the EEOC's view, this argument would constitute unlawful interference with Ms. Potts's and the EEOC's statutory rights. Thus, the EEOC is seeking a permanent injunction prohibiting CollegeAmerica from unlawfully interfering with the statutory rights of Ms. Potts and the EEOC. Oral Arg. at 11:36-48.

If the EEOC prevails on the merits and obtains an injunction, CollegeAmerica could not present its new theory in the state-court suit against Ms. Potts. The inability to present this theory would constitute an effect in the real world, preventing dismissal based on mootness.

## VI.   The EEOC's Alleged Inability to Bring Suit

The EEOC brings its unlawful-interference claim under 29 U.S.C. § 626(f)(4). In district court, CollegeAmerica argued that this claim fails as a matter of law, reasoning that § 626(f) could not "be used as an affirmative cause of action, except in one narrow circumstance not applicable here – when it is used by 'plaintiffs in an [Age Discrimination in Employment Act] action when an employer invokes the waiver,'

7

including by seeking declaratory or injunctive relief." Appellee's Supplemental App'x at 42 (quoting *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1191 (10th Cir. 1999)); *see id.* at 25. The district court did not address this argument.

On appeal, CollegeAmerica similarly argues that § 626(f) does not "'provide plaintiffs with an independent cause of action for affirmative relief,' other than declaratory relief to negate a waiver asserted in an [Age Discrimination in Employment Act] claim." Appellee's Resp. Br. at 26 (quoting *Whitehead*, 187 F.3d at 1191). We decline to address this issue in the first instance, for "'[t]he better practice on issues raised [below] but not ruled on by the district court is to leave the matter to the district court in the first instance.'" *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 653 (10th Cir. 2017) (alterations in original) (quoting *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272, 1290 (10th Cir. 2011)). As a result, we leave this issue for the district court to consider on remand.

## VII. CollegeAmerica's Newly Raised Basis to Affirm

CollegeAmerica also argues that "the EEOC sought overly-broad, unauthorized injunctive and declaratory relief." Appellee's Resp. Br. at 29. But a district court cannot dismiss a claim solely because a plaintiff seeks excessive or otherwise inappropriate relief. *See Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65 (1978) ("[A] federal court should not dismiss

a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one."); *see also id.* at 66 ("[A] meritorious claim will not be rejected for want of a prayer for appropriate relief . . . .").[7] Thus, we reject CollegeAmerica's newly raised argument for dismissal.[8]

**VIII. Disposition**

We reverse and remand for further proceedings consistent with this opinion.

---

[7]     Other circuits have long taken similar positions. *See, e.g.*, *Doe v. U.S. Dep't of Justice,* 753 F.2d 1092, 1104 (D.C. Cir. 1985) ("[I]t need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." (emphases in original)); *id.* at 1104 n.11 ("'[P]laintiffs frequently ask for the stars, and a complaint is not dismissable simply because its proof would at most entitle the plaintiff to something less . . . .'" (quoting *Am. Jewish Cong. v. Vance*, 575 F.2d 939, 950-51 (D.C. Cir. 1978) (Robinson, III, J., dissenting)); *Floyd v. Trice*, 490 F.2d 1154, 1158 (8th Cir. 1974) ("Even if a complaint asks for relief beyond that ordinarily permissible, the appropriate action is to tailor the relief rather than to dismiss the complaint for failure to state a claim upon which relief can be granted if in fact cognizable claims are pleaded."); *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 925-26 (2d Cir. 1968) ("[A] complaint should not be dismissed for legal insufficiency except where there is a failure to state a claim on which *some* relief, not limited by the request in the complaint, can be granted." (emphasis in original)).

[8]     CollegeAmerica also defends the legality of a non-disparagement provision in the settlement agreement. For the sake of argument, we may assume that the non-disparagement provision is lawful. This assumption would not affect our analysis.

9