**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SONIA ORDONEZ,

      Plaintiff - Appellant,

v.

ABM AVIATION, INC. f/k/a Air Serv
Corporation,

      Defendant - Appellee.

_____

In re:  SONIA ORDONEZ,

      Debtor.

------------------------------

SONIA ORDONEZ,

      Appellant,

v.

ABM AVIATION, INC; STEPHEN W.
RUPP, Chapter 7 Trustee,

      Appellees.

_____

In re:  SONIA ORDONEZ,

      Debtor.
------------------------------

SONIA ORDONEZ,

No. 17-4188
(D.C. No. 2:13-CV-00067-DAK-EJF)
(D. Utah)

No. 18-4094
(BAP No. 18-002-UT)
(Bankruptcy Appellate Panel)

Appellant,

v.

ABM AVIATION, INC.; STEPHEN W.
RUPP, Chapter 7 Trustee,

Appellees.

_____

In re:  SONIA ORDONEZ,

Debtor.

-----------------------------

SONIA ORDONEZ,

Appellant,

v.

ABM AVIATION, INC.; STEPHEN W.
RUPP, Chapter 7 Trustee,

Appellees.

No. 18-4095
(BAP No. 18-001-UT)
(Bankruptcy Appellate Panel)

No. 18-4096
(BAP No. 18-018-UT)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.

_____

[*]       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We have consolidated these four appeals for disposition. The appeals relate to appellant Sonia Ordonez's lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3, against her former employer, appellee ABM Aviation, Inc. (ABM).[1] In her suit she charged ABM with sexual harassment, discrimination, and retaliation.

In Appeal No. 17-4188, Ordonez appeals from the district court's judgment dismissing her Title VII action after ABM settled her claims against ABM with the Chapter 7 Trustee in her personal bankruptcy, and its denial of her motion for reconsideration. In the other three appeals she challenges various bankruptcy court orders relating to the settlement. We now dismiss all four appeals as moot.

## BACKGROUND

Although Ordonez was aware of her claims against ABM when she filed personal bankruptcy in 2010, she omitted them when listing her assets in her bankruptcy petition. Citing this omission, ABM later sought summary judgment based on judicial estoppel. *See, e.g.*, *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156-58, 1160 (10th Cir. 2007) (affirming district court's dismissal of personal-injury action on judicial-estoppel grounds, where plaintiff failed to disclose his pending lawsuit in bankruptcy proceedings as a potential asset of the estate). Ordonez petitioned to reopen her bankruptcy to include the omitted claims.

---

[1] ABM was formerly known as "Air Serv Corporation." We use "ABM" to refer to this party throughout this order and judgment.

After the bankruptcy case was reopened, appellee Stephen W. Rupp, the Chapter 7 Trustee, reached a settlement with ABM of Ordonez's Title VII claims. ABM agreed to pay the trustee an amount sufficient to compensate the general unsecured unpaid creditors for the previously unpaid portion of their allowed claims, and to pay the allowed administrative expenses in the bankruptcy. In exchange for this payment, the Trustee agreed to release ABM from Ordonez's Title VII claims.

Ordonez opposed this settlement in several ways. First, she filed a motion to convert her bankruptcy from a Chapter 7 case to a Chapter 13 case. If granted, the conversion could have permitted her to make periodic payments toward the unpaid creditors' claims rather than discharging the claims using the settlement proceeds. But the bankruptcy court denied the motion, reasoning that Ordonez had not shown evidence of regular income to support a Chapter 13 plan, conversion would be prejudicial to her creditors, and she had failed to show that her motion was filed in good faith. Ordonez filed a motion to reconsider the denial, which the bankruptcy court rejected. She appealed from the rejection, initiating BAP Appeal 18-001-UT.

After the bankruptcy court entered an order approving the settlement agreement, Ordonez appealed to the BAP from that order. This initiated BAP Appeal 18-002-UT.

Ordonez also objected to the Trustee's final report. The bankruptcy court overruled her objection. It reasoned that "when the bankruptcy petition was filed, the [Title VII] Lawsuit became part of the bankruptcy estate and was administered by the

4

Trustee in the normal course of business of a chapter 7 trustee." Consol. BAP R. at 348-49. Ordonez appealed to the BAP, initiating BAP Appeal 18-018-UT.

On May 22, 2018, the BAP entered orders dismissing all three appeals as moot because "the Trustee has distributed all settlement proceeds and the estate is fully administered making it impossible for the Court to grant any meaningful or effective relief." *Id.* at 17, 172, 335. Ordonez appealed the dismissals to this court, resulting in Appeal Nos. 18-4094, 18-4095, and 18-4096.

Meanwhile, in November 2017 the district court granted ABM's motion in the underlying Title VII action for summary judgment, on judicial-estoppel grounds. It found that Ordonez's belated attempt to include her Title VII claims in the bankruptcy did not overcome the other facts that warranted applying judicial estoppel.

Ordonez appealed the summary-judgment order. While her appeal was pending, she filed a motion for reconsideration. We abated her appeal pending resolution of her motion.

The district court denied the reconsideration motion. In its order it noted that the Trustee and ABM had reached a settlement of the Title VII action, which had been approved by the Bankruptcy Court. This mooted her motion for reconsideration.

The district court later entered a final judgment in the action, dismissing it with prejudice. After we lifted the abatement of the appeal Ordonez filed an

amended notice of appeal, adding the order denying her motion for reconsideration and the district court's judgment of dismissal.

## ANALYSIS

The appellees have moved to dismiss these appeals as moot.[2] We must address that issue first because federal courts are limited to adjudicating actual, ongoing controversies, *see Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016), and "[a] case or controversy does not exist when a claim is moot," *EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017). We have construed Ordonez's pro se filings on this issue liberally, without serving as her advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

"In assessing mootness, we consider whether a favorable judicial decision would have some effect in the real world. If a plaintiff no longer suffers an actual injury redressable by a favorable judicial decision, the claim is moot." *CollegeAmerica*, 869 F.3d at 1173 (citation omitted). "[A]n appeal of a bankruptcy court's decision [is] only constitutionally moot if the appellee demonstrates that a court could order no meaningful relief to the party seeking reversal of the bankruptcy court's decision." *Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327,

---

[2] ABM previously filed, in Appeal No. 17-4188, a "Motion to Dismiss Appeal as Moot and Because Appellant is Not the Real Party in Interest." Motion, No. 17-4188 (10th Cir. Feb. 12, 2018). Given our disposition of appellees' later motion involving all four appeals, we deny this prior motion as moot.

6

1330 (10th Cir. 2009). "[T]he party that wishes the court not to decide the merits of an appeal bears the burden of proof." *Id.* at 1331.

### 1. No. 17-4188

We agree with appellees that No. 17-4188, the Title VII appeal, is constitutionally moot. We cannot order meaningful relief in that appeal. Ordonez's Title VII claims have been settled by the Trustee, who is the party with authority to dispose of them.[3] The bankruptcy court approved the settlement. The district court (1) acknowledged the settlement and the bankruptcy court's approval and (2) dismissed the underlying claims, finding Ordonez's motion for reconsideration had become moot by virtue of the settlement. A reversal of the district court's dismissal would have no real-world effect because no relief could be granted unless the bankruptcy court's approval of the settlement were also reversed. And for reasons we will describe, equitable mootness prevents us from reversing the bankruptcy court's approval.

### 2. The Bankruptcy Appeals

Appellees argue that the bankruptcy appeals are also either constitutionally or equitably moot. They rely on evidence that the bankruptcy estate has been fully administered and the Trustee has distributed the settlement funds to creditors. As the

---

[3]     Ordonez argues that the Trustee abandoned her Title VII claims. But her argument is not even colorable. As the bankruptcy court determined, the formal requirements for abandonment were not satisfied.

7

BAP pointed out in its dismissal orders, the creditors are nonparties to these proceedings who cannot be ordered to return the disbursements paid to them.

In our view, the BAP appeals are equitably, rather than constitutionally, moot. The doctrine of equitable mootness considers whether "reaching the merits would be unfair or impracticable." *Paige*, 584 F.3d at 1339.

In *Paige* two entities seeking to acquire the bankrupt debtor's interest in a domain name proposed competing Chapter 11 reorganization plans. *See id.* at 1331-32. The bankruptcy court approved sale of the debtor's interest to one of the entities, ConsumerInfo, and confirmed the reorganization plan that ConsumerInfo had jointly proposed with the bankruptcy trustee. *See id.* at 1332-33. The proponent of the alternative plan, SMDI, appealed. *See id.* But SMDI was unsuccessful in obtaining a stay pending appeal, *see id.* at 1333-34, and in the meantime ConsumerInfo made significant payments to the trustee and the trustee paid a significant number of creditors' claims, *see id.* at 1334, 1342. To evaluate whether the dispute had become equitably moot, we considered six factors:

> (1) Has the appellant sought and/or obtained a stay pending appeal? (2) Has the appealed plan been substantially consummated? (3) Will the rights of innocent third parties be adversely affected by reversal of the confirmed plan? (4) Will the public-policy need for reliance on the confirmed bankruptcy plan—and the need for creditors generally to be able to rely on bankruptcy court decisions—be undermined by reversal of the plan? (5) If appellant's challenge were upheld, what would be the likely impact upon a successful reorganization of the debtor? And (6) based upon a quick look at the merits of appellant's challenge to the plan, is appellant's challenge legally meritorious or equitably compelling?

*Id.* at 1339.

Employing a modified version of the factors, tailored to the facts of this case, we conclude that the bankruptcy appeals are equitably moot. Concerning the first factor, although Ordonez sought a stay in the bankruptcy court, which was denied, she did not seek a stay pending appeal from the BAP in connection with BAP appeals 18-001-UT or 18-002-UT. It appears she did seek a stay pending appeal in connection with BAP appeal 18-018-UT from the BAP, but not from the bankruptcy court. In addition, she did not offer to post a bond to obtain a stay, though ABM argued more than once that she should be required to post a bond. Ordonez thus was not entirely diligent in seeking a stay.[4] *See Paige*, 584 F.3d at 1341 (concluding that where appellant made "some efforts to obtain a stay" but "did not pursue with diligence *all available remedies* to obtain a stay," this factor weighed "somewhat" against reaching the merits of the appeal (internal quotation marks omitted)).

We further note the bankruptcy court and the BAP supplied good reasons for denying Ordonez a stay. The bankruptcy court concluded she had not shown a likelihood of success in either of her BAP appeals. Significantly, it rejected her argument that the Trustee's agreement to settle her case for $30,500 was "ridiculously low" because (Ordonez reasoned) it only represented four percent of the actual value of her claims. Aplee. App., Vol. 2 at 315. The court referred to its

---

[4]     Ordonez argues, without elaboration, that her physical and mental condition caused her to make an unspecified error, resulting in the denial of her emergency motion for stay. But this does not adequately explain her failure of persistence in seeking a stay.

9

hearing and order on Ordonez's motion to approve the settlement agreement, noting her failure to raise issues about the *amount* of the settlement previously in her objection or at the hearing. It also rejected her argument that the low amount of the payment deprived her of her property without due process of law, concluding the Title VII action belonged to the bankruptcy estate and had not been abandoned by the Trustee.

Turning to irreparable harm, the bankruptcy court emphasized that Ordonez had failed to connect the loss of her ability to prosecute the Title VII case with the approval of the Trustee's final report or further administration of the bankruptcy estate. The bankruptcy court found that creditors would be injured by a stay. But it further found the public interest did not weight strongly in either direction.

As noted, Ordonez did not challenge the bankruptcy court's denial of her motion for stay concerning BAP Appeals 18-001-UT and 18-002-UT by seeking a stay from the BAP. Her emergency motion for stay filed with the BAP in connection with BAP appeal 18-018-UT was two pages long.[5] The BAP denied the motion for stay for two reasons. First, she had filed the motion without first seeking a stay in the bankruptcy court. Second, she failed to explain in her motion why the stay should be granted.

Ordonez was thus neither fully diligent nor successful in her attempts to obtain a stay. We conclude that the first equitable mootness factor weighs against her.

---

[5] She later filed a reply to the Trustee's and ABM's opposition to her motion to stay, in which she fleshed out her arguments in support of a stay.

Concerning the second factor, the settlement agreement has been fully consummated. The Trustee has distributed the settlement proceeds to Ordonez's creditors and has received authorization to use the remaining funds to pay administrative expenses. Although the transactions involved are not particularly complex, it may be difficult to "unscramble" them, given that funds are now in the hands of a significant number of independent, nonparty creditors. *See Paige*, 584 F.3d at 1342 ("[C]ourts are often concerned that it will be difficult to unscramble the transactions that occurred when consummating the plan.").

Also pertinent to this factor, Ordonez complains that appellees pushed forward with the settlement and distribution even though she urged them to await the outcome of her BAP appeals. As we stated in *Paige*, a party's deliberate acceleration of the consummation of a plan, despite its knowledge of pending appeals, can be a factor weighing against equitable mootness. *See id.* at 1343 ("[W]here, as here, the parties attempting to convince the court not to reach the merits have accelerated the consummation of the plan despite their knowledge of a pending appeal . . . we are less inclined to grant their wish that the court abstain from reaching the merits on appeal."). But for the equities to weigh in favor of the objector on this issue surely requires more than the settling parties' diligent pursuit of approval and consummation of their settlement. Parties seeking to settle a case in the interest of creditors are not required to wait voluntarily for their opponent to exhaust all possible judicial remedies—particularly where, as here, the party opposing the settlement has not posted a bond to protect them from loss and the bankruptcy court

11

has supplied good reasons for rejecting her objections.  Rather, what counts is an *acceleration* of the settlement that tends to make it *unfair* to apply equitable mootness.

In *Paige* the parties had included a provision in their joint reorganization plan that made it effective only after any pending appeals were resolved.  *Paige*, 584 F.3d at 1333.  The existence of such a provision suggested that the parties did not require immediate consummation of the plan.  Nevertheless, after learning of their opponent's pending appeal, they waived the provision, accelerating the consummation of the joint plan and helping to create the mootness problem.  *See id.* at 1333-34.

Ordonez has failed to supply convincing evidence of such deliberate acceleration here.  The Trustee began working on the settlement long before any appeal had been filed.  Settlement negotiations proceeded even as ABM's motion for summary judgment in the underlying Title VII action remained pending.  By the time Ordonez wrote her November 3 email to the Trustee, she had not yet filed any appeals.

On November 14, 2017, the Trustee filed his motion for approval of the settlement agreement. In the motion the Trustee acknowledged that the district court had previously granted summary judgment in ABM's favor on all claims, but stated the parties were settling the case "in order to avoid additional cost and the uncertainty of continued litigation and/or appeals." Aplee. App., Vol. 1 at 166.

Ordonez did not file her appeals until November 29, 2017 (appeal from summary judgment order in Title VII action), and December 29, 2017 (appeal to BAP from order denying motion for reconsideration of denial of motion for conversion). The bankruptcy court approved the settlement during this time period, on December 19, 2017.

In sum, although the Trustee pressed ahead with the settlement, citing the interest of creditors, Ordonez has failed to show he accelerated the settlement in a way that unfairly cut off her appeal rights. For the reasons we have stated, the second factor weighs against Ordonez.

Concerning the third factor, the rights of innocent third parties could be adversely affected if approval of the settlement were reversed. Such a result would call into question the distributions from Ordonez's bankruptcy estate to her creditors.

For similar reasons, reversal of the approval would run afoul of the fourth factor: the public-policy need for reliance on the settlement and the need for creditors generally to be able to rely on bankruptcy court decisions. *See Paige*, 584 F.3d at 1347-48. It would also be unfair to ABM, who provided the sums to pay creditors. Reversal of the approval would mean ABM could be required to relitigate

13

and defend against Ordonez's claims without obtaining recoupment from her creditors who have already been paid.

The fifth factor—modified here to reflect the possibility of success in achieving the goals of Ordonez's bankruptcy proceeding—also weighs in favor of equitable mootness. If the settlement was reversed, even if Ordonez was permitted to make monthly payments it is far from clear that this would give her a fresh start. The bankruptcy court determined that she had shown no evidence of regular income and that conversion would be prejudicial to her creditors.[6]

Finally, with regard to the sixth factor, we cannot say, upon a quick look at her merits arguments, that Ordonez's challenge is legally meritorious or equitably compelling. Her Title VII claims belong to her bankruptcy estate. The bankruptcy court held an evidentiary hearing at which Ordonez was permitted to present her arguments in opposition to the settlement. The bankruptcy judge considered (1) the probability of success in the litigation that was being settled; (2) the probability the Trustee could collect if he won in the underlying litigation; (3) the complexity and

---

[6] Although Ordonez now argues she can repay her creditors through monthly payments or in a lump sum by tapping her home equity, by receiving gifts from sympathetic persons, or through an internet funding campaign, she fails to show she provided the necessary evidence of her resources to the bankruptcy court. *See* Aplee. App., Vol. 1 at 154 (noting Ordonez had "not filed a plan, nor an updated budget, nor any evidence of current income"). And although she claims she was not given the opportunity to show her ability to make repayment, she fails to rebut the bankruptcy court's concern that she "had three months since her case was reopened to provide any evidence or other indication of regular income, and has not done so." *Id.*

cost of the litigation; and (4) the best interest of creditors. He found that each factor weighed in favor of approving the settlement.

Although Ordonez claims the settlement is unfair, she has failed to counter the bankruptcy court's findings with persuasive arguments. Also, her argument that the Trustee settled her claims for only a fraction of their worth fails to account for the fact that the Title VII action has been dismissed. Assuming the Trustee could pursue the claim on behalf of the estate without being subject to the judicial-estoppel ruling, he would still need to set aside the dismissal, a factor involving cost and delay that could significantly impact the net worth of these claims.

In sum, the equities do not weigh in favor of undertaking an attempt to unwind the settlement.

## CONCLUSION

Appellees' motion to dismiss is granted. Appeal No. 17-4188 is dismissed for constitutional mootness and Appeal Nos. 18-4094, 18-4095, and 18-4096 are dismissed as equitably moot. We remand to the district court with instructions to modify its dismissal with prejudice of Case No. 2:13-CV-00067-DAK-EJF to a dismissal without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) ("[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice." (ellipsis and internal quotation marks omitted)), *cert. denied*, 137 S. Ct. 828 (2017). We deny as moot ABM's motion to

15

dismiss Appeal No. 17-4188, filed February 12, 2018. Ordonez's motion to proceed in forma pauperis in Appeal Nos. 18-4094, 18-4095, and 18-4096 is granted.

Entered for the Court

Harris L Hartz
Circuit Judge