**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TREVOR KELLEY,

     Plaintiff - Appellant,

v.

SMITH'S FOOD & DRUG CENTERS, INC.,

     Defendant - Appellee.

No. 19-4006
(D.C. No. 2:17-CV-00803-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Trevor Kelley, who is disabled and uses a wheelchair, sued Smith's Food &

Drug Centers, Inc. (Smith's) to compel it to bring its grocery store into compliance

with Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189

(ADA). The district court dismissed the complaint as moot. We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Kelley complained about two barriers at Smith's:  (1) the soap dispensers in the store's restrooms were too high to reach from a wheelchair; and (2) the signs in the parking lot identifying accessible parking spaces were not ADA-compliant so he could not see the signs to find the accessible parking spaces, and the lack of ADA-compliant signage failed to discourage parking by nondisabled shoppers.  After Smith's produced evidence that it had permanently remediated these items, the district court determined that Mr. Kelley's claims were moot and dismissed the case with prejudice.  As a sanction for his attorney's repeated failure to comply with the court orders to complete a pretrial order, the court denied Mr. Kelley's request for attorney fees.  Mr. Kelley does not dispute that the two architectural barriers raised in his complaint have been remediated and that the remediation was permanent.  He contends, however, that the case is not moot because (1) while this litigation was pending he, his ADA expert, and his attorney discovered between eight and a dozen additional architectural barriers at Smith's store that violated the ADA; and (2) once this litigation ended, there was nothing to stop Smith's from again violating the ADA, since Smith's did not have a policy to comply with the ADA in the future.  Mr. Kelley also challenges the ground for the district court's denial of his request for attorney fees and costs.

## II. ADA TITLE III

Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. *See* 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). "The ADA provides a private right of action for preventative relief, including an application for a permanent or temporary injunction or restraining order for 'any person who is being subjected to discrimination on the basis of disability in violation of' Title III." *Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1001-02 (10th Cir. 2001) (quoting 42 U.S.C. §§ 12182(a)(1), 2000a–3(a)).

## III. MOOTNESS

"The constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies. This court lacks subject matter jurisdiction if a case is moot." *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1192-93 (10th Cir. 2017) (citations, brackets, and internal quotation marks omitted). To determine whether a party has the requisite "personal stake in the outcome of the lawsuit at all stages of the litigation," the inquiry "is whether granting relief for the issues before the court will have some effect in the real world." *Id.* at 1193 (internal quotation marks omitted). An action becomes moot when "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit." *Id.* "[W]hen the defendant

3

voluntarily stops the challenged conduct, . . . the claim will be deemed moot only if two conditions exist:  [1] [i]t is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur, [and] [2] [i]nterim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173-74 (10th Cir. 2017) (footnote omitted) (internal quotation marks omitted).  "We review de novo whether a claim is moot."  *Id.* at 1173.

The district court dismissed the case as moot because the two architectural barriers alleged in the complaint as violating the ADA were permanently remediated while this litigation was pending.  Nevertheless, Mr. Kelley argues that the court was required to consider additional, unremediated conditions at Smith's that he discovered after filing his complaint.  Although Mr. Kelley filed a motion to amend his complaint to add the allegedly unremediated architectural barriers at Smith's, he does not challenge the denial of the motion to amend.[1]

To support his claim that he was entitled to relief for architectural barriers not included in his complaint, Mr. Kelley relies on four cases from other circuits holding that an ADA plaintiff has standing to seek relief for ADA violations that he or she

---

[1] In the "Conclusion" section of his opening brief, Mr. Kelley asserts that the district court erred by "not allowing the motion to amend the complaint" to add the later-discovered ADA violations.  Aplt. Opening Br. at 41-42.  This is insufficient to warrant appellate review.  *See Kerber v. Qwest Pension Plan*, 572 F.3d 1135, 1146 (10th Cir. 2009) (rejecting appellate claim as inadequately briefed because the claim was addressed in only conclusory fashion).

4

did not personally encounter as long as the violation was relevant to the plaintiff's disability. He characterizes this holding as the "*Doran* doctrine." *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008) ("Even if a disabled plaintiff did not know about certain barriers when the plaintiff first filed suit, that plaintiff will have a personal stake in the outcome of the controversy so long as his or her suit is limited to barriers related to that person's particular disability." (internal quotation marks omitted));[2] *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (per curiam) (plaintiff who used a wheelchair had standing to pursue relief as to the defendant diner's lack of a ramp at the entrance, as well as barriers inside the diner related to his disability that he had not yet encountered); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (en banc) (court has "Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of a noncompliant accommodation and to prevent imminent 'discrimination' . . . against a disabled individual who plans to visit a noncompliant accommodation in the future"); *Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000) (blind plaintiff had standing to challenge conditions at the defendant's property that presented risks to blind persons, including those he had not personally encountered, but not those unrelated to blind persons). *But see Davis v. Anthony, Inc.*, 886 F.3d 674, 678 (8th Cir. 2018) (plaintiff who used a wheelchair did not have

---

[2] Mr. Kelley erroneously asserts that the *Doran* district court converted the proceedings from a Fed. R. Civ. P. 12(b)(1) motion based on mootness to a Fed. R. Civ. P. 56(a) summary-judgment motion with limited discovery. *See* Aplt. Opening Br. at 3 n.1. But there apparently was no claim of mootness in that case.

5

standing to sue for unencountered violations inside the defendant steakhouse that never injured her because she sued only for parking-space violations).

These cases, however, addressed only the plaintiff's *standing*. They are irrelevant to the issues presented here—what barriers were alleged in the complaint and were they remediated. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Another purpose is to allow the court to determine whether, if the facts alleged were proved, the plaintiff would be entitled to relief. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

"In general, only disclosures of barriers in a properly pleaded complaint can provide [the fair notice required by Rule 8]; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). "[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself." *Id.* The "*Doran* doctrine" referenced above "does not help [Mr. Kelley], because . . . it sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of Rule 8." *Id.*

6

Mr. Kelley further contends that the district court erred by not allowing him to conduct "discovery on the factual issues raised by [the] motion [to dismiss for lack of jurisdiction]." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (internal quotation marks omitted). But he has not pointed to any discovery relevant to the mootness of the claims raised in his complaint. He conceded that Smith's had remediated the architectural barriers alleged in the complaint, so there remained no factual issues. *See id.* ("[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," and "[p]rejudice is present [only] where pertinent facts bearing on the question of jurisdiction are controverted." (internal quotation marks omitted)).

In addition, Mr. Kelley suggests that his claims are not moot because Smith's may violate the ADA in other respects in the future. He argues that Smith's was required to have "policies and procedures in place[] to both prevent further barriers and to quickly remedy further barriers as they arise." Aplt. Opening Br. at 34. He cites no authority requiring Smith's to produce such a policy.[3] Moreover, the complaint did not include this claim and Mr. Kelley has not cited "the precise references in the record where the issue was raised and ruled on," 10th Cir. R.

---

[3] The ADA defines one type of discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). Mr. Kelley did not allege this type of discrimination.

28.1(A). Without a specific reference, we will not search the record to determine if an issue has been preserved for appeal. *Cf. Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (declining to search the record for "dormant evidence which might require submission of the case to a jury"). Because Mr. Kelley "did not raise this argument below and does not provide a compelling reason for us to address it on appeal," we decline to consider it. *Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243, 1254-55 (10th Cir. 2018). In any event, there is no dispute that Smith's remediation of the two ADA violations alleged in the complaint are permanent corrections.

## IV.    SANCTION—DENIAL OF COSTS AND ATTORNEY FEES

Mr. Kelley also challenges the district court's order denying his request for costs and attorney fees as a sanction for his attorney's repeated failure to comply with court orders concerning filing a pretrial order. Mr. Kelley contends that his attorney complied with the district court's directives to file a pretrial order and that the district court should not have imposed the sanction without giving counsel an opportunity to cure or show cause.

"A successful [ADA Title III] plaintiff may . . . be entitled to attorney fees and costs." *Colo. Cross Disability Coal.*, 264 F.3d at 1002 (citing 42 U.S.C. § 2000a-3(b)). Section 2000a-3(b) permits the district court to award reasonable attorney fees to the prevailing party at the district court's discretion. But the term *prevailing party* does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired

result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001); *accord Moseley v. Bd. of Educ. of Albuquerque Pub. Sch.*, 483 F.3d 689, 694 (10th Cir. 2007) ("[B]ecause the underlying substantive claims are moot, [the plaintiff] cannot recover attorney's fees and costs."). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. Therefore, we affirm the district court's denial of costs and attorney fees, albeit for reasons other than those stated by the district court. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878-79 (10th Cir. 2017) (appellate court may affirm the district court's "ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court" (internal quotation marks omitted)).

Mr. Kelley acknowledges that "the law [does] not allow for an award of costs and fees" when a case is dismissed as moot. Aplt. Opening Br. at 36. Instead, he objects to the district court's characterization of the denial of fees as a sanction. He argues that the district court failed to follow the prescribed procedure before issuing sanctions, and asserts that the sanctions order "was utter[ly] superfluous and prejudicial," *id.* at 42. But he has not explained how any action by this court could provide him any relief or how the sanctions order prejudiced him or his attorney, given his concession that he is not entitled to attorney fees and costs. "[A] federal court has neither the power to render advisory opinions nor to decide questions that

9

cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks omitted). Therefore, we do not address Mr. Kelley's claim that the district court erred in characterizing the order denying attorney fees and costs as a sanction.

## V. MISCELLANEOUS ISSUES

Smith's devotes almost five pages of its ten-page appellate argument to (1) explaining that an Arizona business funded Mr. Kelley's litigation, (2) describing the other litigation the business has funded, and (3) comparing the other litigation to this case. These matters are not relevant to the issues on appeal. In addition, the five pages of legal arguments do not even mention several of Mr. Kelley's appellate arguments—whether discovery was required, whether the "*Doran* doctrine" applied, whether Smith's was required to have an ADA policy, or whether the attorney-fee sanction was appropriate. Smith's briefing is unhelpful.

In his appellate reply brief, Mr. Kelley asserts that in arguing he was an agent of the Arizona business—an argument he claims the district court rejected—Smith's "made multiple baseless allegations, [made] logic[al] fallacies, and cast multiple aspersions, amounting to ad hominem attacks on Kelley and his [c]ounsel." Aplt. Reply Br. at 12. He includes in his appellate reply brief a request that this court award attorney fees for Smith's allegedly sanctionable argument.

"We must deny this request because [Mr. Kelley] failed to file a separate motion or notice requesting sanctions." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011). "[Federal Rule of Appellate Procedure 38] requires that before

10

a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. A separately filed motion requesting sanctions constitutes notice. A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." *Id.* (ellipsis and internal quotation marks omitted).

## VI.   CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Harris L Hartz
Circuit Judge