**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re:  RAILYARD COMPANY, LLC,

Debtor.

------------------------------

RICK JARAMILLO; STEVEN DURAN,

Appellants,

v.

CRAIG DILL, Chapter 7 Trustee,

Appellee.

No. 20-2049
(D.C. No. 1:19-CV-00589-MV-SCY)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Railyard Company, LLC ("Railyard" or "Debtor") is the debtor in the

underlying Chapter 7 bankruptcy proceeding.  Appellants Rick Jaramillo and Steven

Duran are members and managers of, and equity investors in, Railyard.  Proceeding

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pro se,[1] they seek to appeal the district court's decision affirming the bankruptcy court's orders (1) approving a settlement with the City of Santa Fe (the "City") and striking their objections to the proposed settlement for lack of standing; and (2) denying their motion seeking recusal of the bankruptcy court judge. Appellee Craig Dill, Chapter 7 Trustee (the "Trustee"), argues that we should dismiss the appeal both because Appellants lack standing and because the appeal is constitutionally and equitably moot. We agree that the appeal is constitutionally moot. Accordingly, we dismiss the appeal for lack of jurisdiction and do not address the other alleged bases for dismissal.

## Background

Appellants and other investors formed Railyard to construct and operate a large, multi-unit building at an abandoned rail station near downtown Santa Fe ("Market Station"). Market Station is built on land owned by the City and leased or subleased to Railyard. Railyard's income came from leasing space in the building. Shortly after Railyard closed on a substantial bridge loan to refinance existing debt encumbering Market Station, a significant tenant filed for bankruptcy and moved out of Market Station. Railyard defaulted on the loan and the parties to the loan became embroiled in litigation. Railyard was also involved in litigation with several of its tenants and the City. It ultimately filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The bankruptcy court converted the case to

---

[1] Because Appellants are pro se, we construe their pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Chapter 7 and appointed the Trustee as trustee of Railyard's bankruptcy estate (the "Estate").

The appeal involves three bankruptcy court orders. First, Appellants moved to recuse the bankruptcy court judge on the ground that his former law partner was an attorney for the Trustee and gave legal advice to Appellants as members of Railyard concerning claims against the City. The court denied the motion.

The second and third orders Appellants seek to appeal stemmed from the Trustee's motion to approve a settlement with the City. Appellants filed an objection, alleging that litigation is pending in New Mexico state court against Railyard and its members, and the automatic bankruptcy stay in that case has deprived Appellants of an opportunity to pursue counterclaims against the City and others. The Trustee moved to strike the objection, arguing Appellants lacked standing to object to the settlement because they did not have a pecuniary interest in the outcome of the motion given that their only interest was as members of the Debtor and there were insufficient funds to pay the allowed unsecured claims let alone any to revert to the Debtor. *See C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1260-61 (10th Cir. 2011) (explaining that "a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights," and that to have a pecuniary interest, the debtor's managers must show a reasonable possibility of surplus after satisfying all debts (brackets omitted)); *see also* 11 U.S.C. § 726(a)(6) (establishing the priorities for

3

distributions in a Chapter 7 liquidation and providing that the debtor is paid last, after all secured and unsecured claims are paid). The bankruptcy court agreed, expressly finding "[t]here are insufficient funds to pay the allowed unsecured claims in full." Aplt. App., Vol. 2 at 128. It thus struck the objection for lack of standing and, in a separate order, approved the settlement.

Appellants appealed those three orders to the district court. With respect to the order concluding they lacked standing to object to the settlement, Appellants did not challenge the bankruptcy court's finding that there were insufficient funds in the Estate to pay all unsecured creditors in full. They instead maintained that they sought to make a claim against the Estate not as investors but as creditors based on a state court judgment against them in their individual capacities. However, they did not timely file a claim against the Estate, cited no record evidence supporting their claim to be creditors, and provided no legal support for their theory that a state court judgment against them in their individual capacities as Railyard's managers and investors gave them a valid claim against the company.

A magistrate judge found the record supported the bankruptcy court's factual finding of insolvency. And because Appellants failed to provide factual or legal support for their assertion that they were creditors with a valid claim against the Debtor, the magistrate judge concluded they waived that argument. Consequently, the magistrate judge recommended affirming both the standing order and the order approving the settlement. The magistrate judge also concluded Appellants lacked standing to appeal the order denying recusal and that even if they had standing to

4

appeal it, the order was unreviewable because they presented an insufficient record to the reviewing court—they did not ensure that the appellate record included the bankruptcy judge's order explaining his reasons for denying the motion.

Appellants filed timely objections to the magistrate judge's recommendations but again failed to cite any authority supporting their theory that they were Railyard's creditors. The district court overruled the objections, adopted the magistrate judge's recommendations, and affirmed the bankruptcy court's orders. It later entered a separate judgment.

Appellants timely appealed, but they did not seek a stay of the order approving the settlement with the City. Accordingly, the Trustee carried out the settlement agreement and received the settlement proceeds from the City into the Estate. Shortly after this appeal was filed, the Trustee filed his Final Report in the bankruptcy court. Appellants did not object to the Final Report, nor did anyone else. The bankruptcy court approved the Final Report and authorized the Trustee to distribute the funds in the Estate, including the settlement proceeds, pursuant to the Final Report. Appellants did not seek a stay of that order, and the Trustee has since paid all creditors entitled to receive a distribution. The Estate has been fully administered and does not have any remaining funds or assets to distribute. Soon thereafter, the bankruptcy court entered the Final Decree and closed the case.

## Discussion

The Trustee argues that this appeal is constitutionally moot. We agree and therefore dismiss the appeal for lack of jurisdiction.[2]

"[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (internal quotation marks omitted); *see* U.S. Const. art. III, § 2, cl. 1 (limiting federal court to adjudicating "Cases" and "Controversies").

A bankruptcy "appeal is constitutionally moot if the court can fashion no meaningful relief." *Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 584 F.3d 1327, 1336 (10th Cir. 2009) (brackets and internal quotation marks omitted). If the "court can fashion some form of meaningful relief, even if it only partially redresses the grievances of the prevailing party, the appeal is not moot." *Id.* (internal quotation marks omitted). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000).

Real-world relief does not have to be monetary. *See, e.g.*, *Golfland Ent. Ctrs., Inc. v. Peak Inv., Inc. (In re BCD Corp.)*, 119 F.3d 852, 857 (10th Cir. 1997) (explaining that the unsuccessful bidder's appeal of the bankruptcy court order

---

[2] The Trustee raised this argument in both a motion to dismiss and in his merits brief. In light of the merits brief argument, the motion to dismiss is moot, and we need not resolve the parties' arguments about whether the motion should be denied as untimely under 10th Cir. R. 27.3(A)(3)(a).

confirming the sale of property was not moot because there was still a possibility of relief given that the proceeds of the challenged sale had not been distributed and state law provided for equitable remedies under the principles of constructive trust).  Here, however, the bankruptcy case is closed, and it does not appear there is any form of meaningful relief—monetary or equitable—the court could order if Appellants were to prevail on appeal.  Based on the issues they raised, prevailing on appeal means reversal of the orders denying recusal and striking Appellants' objection to the proposed settlement with the City.  But the Trustee has consummated the settlement agreement, liquidated all of Debtor's assets, and distributed all funds of the Estate, including the proceeds of the objected-to settlement.  The Estate has thus been fully administered and the bankruptcy case has been closed.

Appellants do not dispute these facts and have not suggested there is any form of real-world relief we could order if we determined either that they had standing to object to the settlement or that the bankruptcy judge should have recused himself.  We thus conclude the appeal is constitutionally moot and must be dismissed for lack of jurisdiction.  *See EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017) (explaining that because "[a] case or controversy does not exist when a claim is moot," moot appeals "must be dismissed").  And, having so

concluded, we need not address the Trustee's arguments that the appeal should be dismissed as equitably moot[3] and because Appellants lack appellate standing.[4]

## Conclusion

We dismiss this appeal as moot, and we deny the motion to dismiss as moot.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[3] We note that the Tenth Circuit adopted the equitable mootness doctrine in *In re Paige*, 584 F.3d at 1337, which, like most cases in which the doctrine has been invoked, involved a confirmed Chapter 11 reorganization plan that had been substantially consummated, *see id.* at 1335 n.7 (explaining that "the doctrine of equitable mootness is rooted . . . in the court's discretionary power to fashion a remedy in cases seeking equitable relief."). We have not yet decided whether equitable mootness should apply in the Chapter 7 context. *See C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.)*, 641 F.3d 1235, 1239-40 (10th Cir. 2011) (declining to decide issue).

[4] "Because there is no mandatory sequencing of nonmerits issues, we have leeway to choose among threshold grounds for denying audience to a case on the merits." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014) (brackets and internal quotation marks omitted)). Accordingly, we may dismiss the appeal as moot without deciding whether Appellants have standing. *See Brown v. Buhman*, 822 F.3d 1151, 1163 n.12 (10th Cir. 2016) (not deciding standing issue and remanding with directions to vacate judgment on the merits and dismiss suit as moot).